UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>LESTI REAL ESTATE, INC.,<br><br>Defendant. | Case No. 21-cv-09554-SI<br><br>**ORDER DIRECTING PLAINTIFF TO FILE DECLARATION ASSERTING BASIS FOR ADA STANDING** |

Defendants run a website that lists houses for sale in Napa, California. Plaintiff, a visually-impaired individual who resides in Miami, Florida, claims defendants violated the Americans with Disabilities Act ("ADA") and state Unruh Act for running a website with "accessibility design faults that prevented [plaintiff] from navigating the site successfully using [screen reader software]." Dkt. No. 1 ¶ 18. Before the Court is defendant's Fed. R. Civ. P. 12(b)(1) motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction. Dkt. No. 19. The Court finds the matter appropriate for resolution without oral argument, and hereby **VACATES** the hearing scheduled for May 6, 2022. Civil Local Rule 7-1(b).

Standing under the ADA requires a plaintiff to demonstrate either (1) deterrence from accessing the goods or services of a physical location, or (2) injury-in-fact coupled with an intent to return to a noncompliant facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011); *Gomez v. Gates Estates, Inc.*, 3:21-cv-07147, 2022 WL 458465 at *4 (N.D. Cal. Feb. 15, 2022). Importantly, the ADA covers only "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." *Weyer v. Twentieth Century Fox Film Corp.*, 98 F.3d 1104, 1114 (9th Cir. 2000). To fall within the ADA, a website must "facilitate access to the goods and services of a place of public accommodation," by, for

example, "connect[ing] customers to the goods and services of [a] physical restaurant." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). "A plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021).

Here, plaintiff asserts defendant "operates privileges or services out of a physical location in California. These services are open to the public, places of public accommodation, and business establishments." Dkt. No. 1 ¶ 12. The challenged website, plaintiff asserts, "is a nexus between The Lesti Team's customers and the terrestrial based privileges or services offered by the Lesti Team." *Id*. ¶ 13. Plaintiff claims accessibility issues on defendant's website "deterred [him] from returning to Website," subjected him "difficulty and discomfort," and rendered him unable "to navigate the Website and find information on houses for sale." *Id*. ¶ 24-26. Defendant submits the ADA is inapplicable because Lesti Real Estate does not have a physical location at all. Dkt. No. 19-1 (Motion) (citing Lesti Decl., Dkt. No. 12-3). Plaintiff requests the opportunity to contest defendant's factual assertions through discovery. Best Decl., Dkt. No. 20-1.

Regardless of whether a physical office exists, however, the Court identifies a more fundamental jurisdictional problem in the complaint: failure to allege that plaintiff was deterred from accessing the goods or services of the physical location, or that plaintiff has an intent to return to such a physical location. *Chapman*, 631 F.3d at 944. Such an omission amounts to a facial deficit justifying dismissal under Rule 12(b)(1). Plaintiff's allegation that he "was a prospective customer who wished to access Defendant's services" does not satisfy his jurisdictional burden, Dkt. No. 1 ¶ 16, because the "services" plaintiff refers to (i.e., "details about the houses and the Lesti Team itself, location and contact information; Real Estate policies; information about houses on sale and rent, deals and promotions…," *id*. ¶ 15) are not alleged to be services *of a physical place* of public accommodation, but appear to be services of the website itself.

It is of note than in three other cases before this Court alleging identical allegations against similar defendants, plaintiff has declared, under penalty of perjury, that he had "no present intention" of vising the physical offices of any of the defendants (to the extent such offices in-fact exists).

2

*Gomez v. Gates Estates, Inc*., 21-cv-07147-WHA at Dkt. No. 34-1 ¶ 11; *Gomez v. Paulo Corro*, 21-cv-07085-SI at Dkt. No. 34-1 ¶ 11; *Gomez v. Skip Keyser Realty, Inc.*, 21-cv-07409-SI, Dkt. No. 27-1 ¶ 11. Plaintiff also declared that he did "not presently have an intention to buy any specific property at a specific time," i.e., that he did not intend to utilize the services offered by the defendants. *Gates Estates, Inc*., 21-cv-07147-WHA at Dkt. No. 34-1 ¶ 7; *Paulo Corro*, 21-cv-07085-SI at Dkt. No. 34-1 ¶ 7; *Skip Keyser Realty, Inc*., 21-cv-07409-SI, Dkt. No. 27-1 ¶ 7.

The Court thus directs Mr. Gomez to file a declaration signed under penalty of perjury stating the factual basis for standing under the ADA, namely, whether (1) he intends to visit defendant's physical location, assuming one exists, or (2) he was deterred from accessing the services offered by defendant's assumed physical location, i.e., the *sale* of real estate. To the extent Mr. Gomez's declaration differs from the representations in the above-cited declarations, the Court will also direct plaintiff's counsel to file a declaration signed under penalty of perjury and consistent with Rule 11 explaining the basis for such variation. Both declarations are due no later than May 6, 2022.

**IT IS SO ORDERED**.

Dated: April 26, 2022

SUSAN ILLSTON
United States District Judge

3