UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>LESTI REAL ESTATE, INC.,<br><br>   Defendant. | Case No. 21-cv-09554-SI<br><br>**ORDER DISMISSING ADA CLAIM WITHOUT LEAVE TO AMEND AND DISMISSING UNRUH ACT CLAIM WITHOUT PREJUDICE** |

On April 26, 2022, the Court directed plaintiff to file a sworn declaration asserting the factual basis for his standing under the Americans with Disabilities Act, namely, (1) whether he intends to visit defendant's physical location, assuming one exists, or (2) whether he was deterred from accessing the services offered by defendant's (assumed) physical location, i.e., the *sale* of real estate. Dkt. No. 23. As explained in the Court's order, Ninth Circuit law requires standing under either of those two grounds to bring an ADA claim based on a website. *Id*. at 1-2.

Plaintiff filed a sworn declaration on May 6, 2022. Dkt. No. 25. The submitted declaration is identical to the declaration plaintiff filed in *Gomez v. Skip Keyser Realty, Inc*., 21-cv-07409-SI, an analogous case in which this Court directed plaintiff to assert his factual basis for ADA standing. The declaration in *Skip Keyser* was insufficient to confer this Court with jurisdiction in that case; so too is the declaration insufficient for standing in the present matter.

Here, plaintiff asserts that "the information" about real estate listings on the Lesti Real Estate Inc. website is itself the service, rather than the website facilitating access to the services offered by Lesti's physical location. Plaintiff disclaimed any intention to visit Lesti's physical office, and he does not wish to use Lesti's website to facilitate access to a Lesti service or good beyond the website itself. Plaintiff's claim is unlike the claim in *Robles v. Domino's Pizza, LLC*, in which an

inaccessible website impeded access to custom-order pizza delivery. 913 F.3d 898, 905 (9th Cir. 2019). Nor is plaintiff's claim analogous to the example presented in the DOJ's recent guidance on website accessibility—that an inaccessible website prevented access to a registration form for a veterans' service organization event. *See* Department of Justice, *Guidance on Web Accessibility and the ADA*, https://beta.ada.gov/web-guidance (Mar. 18, 2022). Plaintiff does not cite any authority within the Ninth Circuit holding that a plaintiff may bring a Title III ADA claim to challenge the inaccessibility of a website where the inability to access information on the website was the sole basis of the ADA claim – where the website information was the "service" – and the website's inaccessibility did not separately impede access to the goods or services of the public accommodation. Under these circumstances, the Court concludes that plaintiff has not stated a claim under the ADA and **DISMISSES** that cause of action without leave to amend. The Court declines supplemental jurisdiction over plaintiff's Unruh Act claim. *See* 28 U.S.C. § 1367

**IT IS SO ORDERED**.

Dated: May 16, 2022

_____
SUSAN ILLSTON
United States District Judge